Amy J. Gittler (State Bar No. 04977)
Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS P.C.**
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Gittlera@jacksonlewis.com
Monica.Ryden@jacksonlewis.com

Attorneys for Defendant

Peter Strojnik (State Bar No. 6464)
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
ADA@strojnik.corn

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TP & SS Heritage Inn of Phoenix, Inc. d/b/a SpringHill Suites Phoenix North 9425 N. Black Canyon Hwy, Phoenix, Arizona<br><br>　　　　　Defendant. | Case No: 2:17-cv-02622-JJT<br><br>**JOINT RULE 26(F) CASE MANAGEMENT PLAN** |

Pursuant to the Court's Order dated September 18, 2017 [Doc. 20], the following is the parties Joint Rule 26(F) Case Management Plan:

1. The nature of the case, setting forth in <u>brief</u> statements (no more than one page per side) the factual and legal basis of Plaintiff's claims and Defendant's defenses.

**Plaintiff's Statement:** This is primarily an Americans with Disabilities Act case. Plaintiff is missing a leg. His methods of mobility include the use of a

1 wheelchair and/or a prosthetic leg.

2 Plaintiff claims that Defendant violated 28 CFR § 302(e) which requires a hotel
3 to disclose on its booking websites and telephonically the accessibility elements in
4 sufficient detail to permit a disabled individual to make an independent decision
5 whether the described accessibility elements are sufficient. Plaintiff claims that
6 Defendant failed to comply with 28 CFR §302(e).

7 Plaintiff also claims that he made a telephonic inquiry regarding Defendant's
8 compliance with the ADA and that the Hotel clerk advised that the Hotel is ADA
9 compliant.

10 Plaintiff claims that in reliance on Hotel's representations regarding ADA
11 compliance he visited the Hotel but discovered that the Hotel is not ADA compliant
12 and, therefore, declined to book a room.

13 Plaintiff claims that as a result of Defendant's misrepresentations regarding
14 hotel's compliance with 302(e) and the ADA in general he is entitled to state law based
15 relief including negligence, negligent misrepresentation, failure to disclose, fraud and
16 consumer fraud.

17 **Defendant's Statement:** The principal factual dispute is whether the hotel's
18 facilities are ADA compliant. Further, the legal issue with respect to the website is what
19 information is the hotel obligated to provide, and factually, with respect to reservations
20 made through third party websites, whether the hotel has identified and described
21 accessible features in the hotel and guest rooms offered through its reservations service
22 in enough detail to reasonably permit individuals with disabilities to access
23 independently whether the hotel or guest room meets his accessibility needs. *See* 28
24 CFR §302(e)(ii).

25 Defendant denies liability, and affirmatively asserts that Plaintiff's claims may
26 be barred for mootness or lack of standing. Defendant also asserts that removal of any
27 alleged barriers may not be readily achievable or would fundamentally alter the nature
28 of Defendant's public accommodation. Alternatively, compliance would be structurally

impracticable.

Defendant further denies the facts alleged and affirmatively alleges that Plaintiff fails to state claims for negligence, negligent misrepresentation, fraud and consumer fraud. Moreover, the federal court should not exercise supplemental jurisdiction over these state law claims which are baseless and are brought in federal court to circumvent the state law notice statute, A.R.S. § 41-1492.08(E).

Plaintiff and his attorney have filed 52 identical cases against hotels throughout the Phoenix area and new cases continue to be filed weekly. Plaintiff seeks the same remedies in each case from each hotel.

2. A list of the elements of proof necessary for <u>each</u> count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must satisfy to prevail. The list of elements of proof must contain citations to relevant legal authority, *(i.e.*, United States statutory or administrative law, United States Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona case law or statutory law, or other authority as required by choice of law rules).

**Plaintiff:**

**Count 1 – ADA: T**o state a claim under Title III of the ADA, a plaintiff must allege that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.,* 603 F.3d 666, 670 (9th Cir.2010). To state a claim under 28 CFR §36.302(e), Plaintiff must prove that Defendant has failed to **1) identify** its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; or (2) **i**dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

**Count 2 – Negligence:** "Violation of a statutory standard of care is usually held to be negligence *per se." Gunnell v. Arizona Public Serv. Co.,* 202 Ariz. 388, 392, 46 P.3d 399, 403 (2002); *see Alaface v. National Inv. Co.,* 181 Ariz. 586, 596, 892 P.2d 1375,

3

1385 (App. 1994) ("A person who violates a statute enacted for the protection and safety of the public is guilty of negligence per se".)

**Count 3 – Negligent Misrepresentation:** Arizona has adopted the Restatement (Second) of Tort's definition of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977). *See also Kuehn v. Stanley,* 208 Ariz. 124, 127-28, 91 P.3d 346, 349-50 (Ct. App. 2004) ("Arizona courts follow the law of negligent misrepresentation set forth in Restatement § 552(1)."). The Restatement further provides that liability under § 552(1) is limited "to loss suffered by the person . . . for whose benefit and guidance [the defendant] intends to supply the information or knows that the recipient intends to supply it." Restatement (Second) of Torts § 552(2)

**Count 4 – Failure to Disclose:** One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose. Restatement Second § 551 establishes when a party to a business transaction may be liable for damages for failing to disclose information:

> (1) One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the nonexistence of the matter that he has failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
>
> (2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated,
>
> (a)   matters known to him that the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them;
>
> (b)   matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading;
>
> * * *
>
> (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the

relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.

**Count 5 – Fraud and Consumer Fraud:**

**a.     Common Law Fraud:** Elements of Common Law Fraud Action are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury. *Comerica Bank v. Mahmoodi,* 224 Ariz. 289 at 291-92, ¶ 14, 229 P.3d 031 at 1033-34 (App. 2010)

**b.     Consumer Fraud:** Element of a Consumer Fraud action are: (1) a false promise or misrepresentation made in connection with the sale or advertisement of merchandise with the intent that others rely on it, (2) the plaintiff relied on the false promise or misrepresentation, and (3) injury resulting from the false promise or misrepresentation. *Kuehn v. Stanley,* 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ct. App. 2004). "'Merchandise' means any objects, wares, goods, commodities, intangibles, real estate, or services." A.R.S. § 44-1521(5).

**Defendant:**

**Count 1 (ADA):** In order to establish a prima facie case of discrimination under Title III of the ADA, Plaintiff must prove three elements: (1) Plaintiff is an individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; and (3) Defendant discriminated against plaintiff on the basis of his disability. Plaintiff alleges that Defendant has discriminated against Plaintiff by (a) failing to make reasonable modifications in policies, practices, or procedures which are necessary to afford Plaintiff and others similarly situated accessibility to Defendant's place of public accommodation, thus violating 42 U.S.C. §12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(a); and (b) failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, thus violating 42 U.S.C. §12182(b)(2)(A)(iii); and (c) failing to remove architectural barriers where such removal is readily achievable, thus violating 42 U.S.C. §12182(b)(2)(A)(iii), 28 C.F.R. 36 and the 2010 Standards. (Compl. ¶ 8.)

5

1 A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a). For the elements of a claim of failing to modify policies to accommodate a person with a disability, Plaintiff must prove: (1) Plaintiff has a disability; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) Defendant employed a discriminatory policy or practice; and (4) Defendant discriminated against Plaintiff based upon Plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate Plaintiff's disability. *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). The plaintiff has the burden of proving that a modification was requested, and that it was reasonable. *Id.* at 1082-83. Such modifications are not necessary if they would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, 28 C.F.R. § 36.302(a). The burden of proving the defense is on Defendant, 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a).

A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 28 C.F.R. §36.303(a). Defendant need not provide auxiliary aids and services if doing so would result in a fundamental alteration or undue burden. 28 C.F.R. §36.303(a). Undue burden means a significant difficulty or expense. *Id.*

Defendant must remove in existing facilities architectural barriers unless such removal is not readily achievable. "Readily achievable" means easily accomplished, and not requiring much difficulty or expense. 42 U.S.C. §12181(9); 28 C.F.R. §36.104. "Plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable, *i.e.*, can be accomplished easily and without much difficulty or expense. If Plaintiff satisfies this burden, Defendant then has

6

the opportunity to rebut that showing. Defendant bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I*, 264 F.3d 999, 1005-1006 (10th Cir. 2001); *see also Vesecky v. Garick, Inc.*, 2008 U.S. Dist. LEXIS 78443, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (stating that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*, specifically in cases where a historic building is not at issue."

Facilities designed or constructed for first occupancy after 1/26/93 must be accessible. 28 C.F.R. §36.401(a)(2). Accessibility means the facility must comply with the 1991 Standards[1] or the 2010 Standards[2] if the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after September 15, 2010 and before March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after September 15, 2010 and before March 15, 2012. 28 C.F.R. §36.406(a). Defendant need not comply with the 2010 Standards if it is structurally impracticable to do so. 42 U.S.C. §12183(a)(1); 28 C.F.R. §36.401(c); ADAAG §4.1.1.(5)(a). It is the Defendant's burden to show this. 42 U.S.C. §12183(a)(1); 28 C.F.R. §36.401(c)(1); ADAAG §4.1.1.(5)(a).

**Count 2 (Negligence):** Plaintiff claims that Defendant's negligence caused

---

[1] The term "1991 Standards" refers to ADA Standards for Accessible Design.
[2] The term "2010 Standards" refers to the 2010 ADA Standards for Accessible Design, which consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36. *See* 28 CFR Appendix A to Part 36.

7

1 Plaintiff emotional distress. On this claim, Plaintiff has the burden of proving: (1)
2 Defendant was negligent; (2) Defendant's negligence created an unreasonable risk of
3 bodily harm to Plaintiff; (3) Defendant's negligence was a cause of emotional distress to
4 Plaintiff; (4) Plaintiff's emotional distress resulted in physical injury or illness to
5 Plaintiff; and (5) Plaintiff's damages. *Source*: Revised Arizona Jury Instructions (Civil)
6 5th Negligence 9 (citing *Quinn v. Turner*, 155 Ariz. 225, 745 P.2d 972 (Ct. App. 1987);
7 Restatement (Second) of Torts §§ 436(2) and 426A).

8 **Count 3 (Negligent Misrepresentation):** Plaintiff claims that Defendant is liable
9 to Plaintiff for negligent misrepresentation. On this claim, Plaintiff must prove: (1)
10 Defendant either provided Plaintiff with false or incorrect information, or omitted or
11 failed to disclose material information; (2) Defendant intended that Plaintiff rely on
12 information provided and Defendant provided it for that purpose; (3) Defendant failed to
13 exercise reasonable care in obtaining or communicating the information; (4) Plaintiff
14 relied on the information; (5) Plaintiff's reliance was justified; and (6) as a result,
15 Plaintiff was damaged. *Source*: Revised Arizona Jury Instructions (Civil) 5th
16 Commercial Torts 23 (citing *McAlister v. Citibank*, 171 Ariz. 207, 829 P.2d 1253 (Ct.
17 App. 1992); *Murray Mgmt. Corp. v. Founders Title Co.*, 169 Ariz. 417, 819 P.2d 1003
18 (Ct. App. 1991); *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307,
19 742 P.2d 808 (1987); *Van Buren v. Pima Community College Dist. Bd.*, 113 Ariz. 85,
20 546 P.2d 821 (1976); Restatement (Second) of Torts § 552(1) (1977); *Alaface v. Nat'l
21 Inv. Co.*, 181 Ariz. 586, 892 P.2d 1375 (Ct. App. 1994)).

22 **Count 4 (Failure to Disclose):** No such claim.

23 **Count 5 (Fraud/Consumer Fraud):**  Plaintiff claims that Defendant committed
24 consumer fraud. On this claim, Plaintiff must prove: (1) Defendant made a
25 misrepresentation; (2) in connection with the sale or advertisement of merchandise; (3)
26 Plaintiff suffered damages as a result of reliance on Defendant's misrepresentation; and
27 (4) Plaintiff's damages. *Source*: Revised Arizona Jury Instructions (Civil) 5th
28 Commercial Torts 21 (citing A.R.S. § 44-1521 *et seq. State ex rel. Horne v. Autozone,*

1  *Inc.*, 227 Ariz. 471, 258 P.3d 289 (App. 2011 (vacated in part on other grounds); *Powers*
2  *v. Guar. RV, Inc.*, 229 Ariz. 555, 278 P.3d 333 (App. 2012)).

**Defendant's Affirmative and Other Defenses:**

(a) The Complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Defendant must show that Plaintiff has failed to plead sufficient facts that would entitle him to relief on the fact of the pleadings. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

(b) Plaintiff's claims may be barred for lack of standing because he does not intend to stay at the property that allegedly violates the ADA. To obtain standing, Plaintiff is required to show: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of Defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). *See also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016) (holding that the Ninth Circuit's standing analysis was incomplete because it failed to consider whether the alleged injury was sufficiently "concrete.")

(c) Plaintiff's claims may be barred for mootness. To prove that Plaintiff's claims are barred by the doctrine of mootness, Defendant must show that any barriers to access alleged by Plaintiff have been or will be remediated by the time this action is finally adjudicated. *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006); *cf. Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179-80 (9th Cir. 2010).

(d) Removal of the alleged barriers is not readily achievable. Plaintiff's claims are barred to the extent that removal of any alleged barriers to access is not readily

9

achievable, or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and the effect on Defendant's operations. Plaintiff bears the initial burden to present evidence that the suggested method of barrier removal is not readily achievable. *Vesecky v. Garick, Inc.*, No. CV07-1173-PHX-MHM, 2008 WL 4446714, at *3 (D. Ariz. Sept. 30, 2008).

(e) The requested modifications would impose an undue burden on Defendant. 28 C.F.R. §36.303(a). To prove that there is an undue burden, Defendant must prove that compliance with relevant statutes and regulations would result in significant difficulty or expense. 28 C.F.R. § 36.104.

(f) Removal of the alleged barriers would fundamentally alter the nature of Defendant's public accommodation. 28 C.F.R. §36.303(a).

(g) Compliance would be structurally impracticable. 42 U.S.C. §12183(a)(1); 28 C.F.R. §36.401(c).

(h) Plaintiff's claims may be barred by the doctrines of estoppel or unclean hands. The elements of estoppel are: (1) affirmative acts inconsistent with a claim afterwards relied upon; (2) action by a party relying on such conduct; and (3) injury to the party resulting from repudiation of such conduct. *Allstate Life Ins. Co. v. Robert W. Baird & Co.*, 756 F. Supp. 2d 1113, 1155 (D. Ariz. 2010). To prove the defense of unclean hands, Defendant must show that Plaintiff's conduct related to the activity that is the basis of his claim. *First Ascent Ventures Inc. v. DLC Dermacare LLC*, 312 F. App'x 60, 61 (9th Cir. 2009); *Figueroa v. Baja Fresh Westlake Vill., Inc.*, No. CV 12-769-GHK SPX, 2012 WL 2373254, at *3 (C.D. Cal. May 24, 2012) (defense of unclean hands applies in ADA cases).

(i) The injuries allegedly sustained by Plaintiff were caused by the sole, concurring, and/or contributory negligence of the Plaintiff. Defendant must prove Plaintiff was at fault. A.R.S. § 12-2506.

(j) Plaintiff assumed the risk of his alleged injuries. A.R.S. § 12-2506.

(k) The District Court may decline to exercise supplemental jurisdiction over Plaintiff's claims for Negligence (Count Two), Negligent Misrepresentation (Count Three), Failure to Disclose (Court Four), or Common Law Fraud and Consumer Fraud (Count Five), because the claim raises a novel or complex issue of Arizona State law. 28 U.S.C. § 1367(c)(1).

(l) Defendant may show that Plaintiff's claims arising under 28 C.F.R. § 36.302(e) are barred because the statutory language of Title III of the ADA is not ambiguous, and the cited regulation is an impermissible construction of the statute by the Department of Justice. *Disabled Rights Action Comm. V. Las Vegas Events, Inc.*, 375 F.3d 861, 876 (9th Cir. 2004).

(m) Plaintiff's claims arising under 28 C.F.R. § 36.302(e) are barred if the regulation is arbitrary, capricious, and/or manifestly contrary to the statute. *Dare v. California*, 191 F.3d 1167, 1172 (9th Cir. 1999).

3. The factual and legal issues genuinely in dispute (no more than one page per side), and whether they can be narrowed by stipulation or motion.

**Plaintiff:** Plaintiff believes that there are no factual or legal issues genuinely in dispute.

**Defendant:**

- Does an ADA "tester" who travels to businesses, not to purchase goods or services, but instead solely to evaluate compliance, suffer "concrete" injury as clarified in *Spokeo, Inc. v. Robins*?
- Do ADA plaintiffs have standing to challenge all barriers at a business related to their disability, or only those that they actually encountered

11

during their visit?

- Does a serial ADA plaintiff's litigation history have any bearing on whether he or she suffered "concrete" injury in a given case?
- Must Defendant include hyper-technical descriptions of accessible features in the hotels and guest rooms offered through its reservations service with references to the 2010 ADA Standards for Accessible Design?
- Is injunctive relief available against Defendant with respect to third party websites?
- Are the alleged barriers actually non-compliant with the ADA? If so, is removal of the alleged barriers readily achievable or would the requested modification impose an undue burden on Defendant or fundamental alter the nature of Defendant's hotel? Has Defendant adequately provided access through readily "alternative methods" such as customer service? Would compliance be structurally impracticable?
- Has Plaintiff stated a claim for negligence?
- Has Plaintiff stated a claim for negligent misrepresentation?
- Is "failure to disclose" a claim?
- Has Plaintiff stated a claim for fraud?
- Has Plaintiff stated a claim for consumer fraud?
- Should the Court exercise supplemental jurisdiction over Plaintiff's state law claims where the claims raise novel or complex issues of Arizona State law? *See* 28 U.S.C. § 1367(c)(1).
- Are ADA plaintiffs entitled to damages?
- Has Plaintiff suffered an actual injury?
- Are ADA plaintiffs entitled to punitive damages?
- Can Plaintiff circumvent the state law notice requirement by filing his state law claims in federal court?

- Is Plaintiff entitled to an award of attorneys' fees? If yes, what constitutes reasonable attorneys' fees in cases involving serial litigants?

4. The jurisdictional basis of the case, citing specific statutes. If jurisdiction is based on diversity of citizenship, a statement of the citizenship of every party and a description of the amount in dispute shall be included. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which their partners or members are citizens. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).

**Plaintiff:** District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, see 42 U.S.C.12188 and 28 CFR §36.501.

**Defendant:** Defendant does not dispute this Court's jurisdiction over the federal claims, but the Court should not exercise its discretional jurisdiction over the state law claims. Further, Defendant denies that Plaintiff is acting as a private attorney general. Rather, Plaintiff has filed dozens of identical cases against small hotels without any prior notice.

5. Parties, if any, that have not been served, as well as parties that have not filed an Answer or otherwise appeared, including fictitious parties. Unless counsel can otherwise show cause, they shall submit with the Proposed Case Management Plan a proposed Order dismissing any party that has not been served, including fictitious parties, and a motion for the entry of default against any non-appearing party if the time

13

for answering or otherwise appearing has expired. If a party has been served but not appeared, Plaintiff(s) or Counterclaimant(s) shall provide a copy of this Order to that party.

None.

6. The names of parties not subject to the Court's jurisdiction.

None.

7. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated.

**Plaintiff:** Plaintiff will file a Motion for Partial Summary Judgment on the issue of Defendant's Compliance with 28 CFR §36.302(e). Plaintiff believes that a resolution of the primary issue in the case, that is, compliance with 302(e) will instrumentally aid in the resolution of the entire case. Plaintiff intends to file a Motion for Partial Summary Judgment on the issue of 28 CFR§36.201(e) as soon as possible. Plaintiff believes that the factual issues relating to 28 CFR§36.201(e) are not (and cannot be) in dispute and that he is entitled to judgment as a matter of law.

**Defendant:** Defendant anticipates filing motions for summary judgment (or other motions) on all state law claims which fail to state a claim, and on the federal claim, to the extent appropriate. Defendant may also file a motion to consolidate this matter with a related case pending before Judge G. Murray Snow. *See* response to paragraph 9.

8. Whether the case is suitable for reference to a United States Magistrate Judge or a special master.

The parties do not consent to the transfer of the case to a United States Magistrate Judge.

9. The status of related cases pending before other judges of this Court or before other courts.

There is a related case pending before Judge G. Murray Snow. *Fernando*

*Gastelum v. TP & SS Heritage Inn of Phoenix Incorporated doing business as Towne Place Suites*, Case #: 2:17-cv-02729-GMS, involves the same parties and same physical address. The matter pending before Judge Snow, like this matter, was filed in August 2017, and is still in the initial stages.

**Defendant:** Plaintiff and his attorney have filed 52 identical cases against hotels throughout the Phoenix area. Defendant is evaluating whether the cases should be consolidated to ensure consistent interpretation of the ADA and to address Plaintiff's tactics of aggressively going after small hotels without any prior notice.

10. A description of the parties' discussions of the mandatory initial discovery responses, including any disputes. *See* General Order 17-08 at 4 ¶ 9;

The parties have exchanged and discussed the MIDP responses. There are no disagreements at this time.

11. Proposed deadlines (month/day/year)[3] for:

    (a) filing motions to amend the Complaint or to join additional parties:
**November 17, 2017**

    (b) completion of all fact discovery:
**March 30, 2018**

    (c) disclosure of expert testimony by Plaintiff(s) under Fed. R. Civ. P. 26(a)(2):
**December 1, 2017**

    (d) disclosure of expert testimony by Defendant(s) under Fed. R. Civ. P. 26(a)(2):
**January 12, 2018**

    (e) disclosure of rebuttal expert testimony:
**February 16, 2018**

    (f) disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3):
**February 23, 2018**

---

[3] The Court prefers to set deadlines for Fridays.

(g)     closure of all discovery:

**March 30, 2018**

(h)     completing good faith discussions of settlement:

**December 8, 2017**

(i)     filing dispositive motions, **including *Daubert* motions**:[4]

**April 27, 2018**

12.     The scope of discovery, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.,* motions for summary judgment on a statute of limitations defense), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion.

The parties do not have any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and do not seek to bifurcate discovery. Plaintiff seeks to file an early Motion for Partial Summary Judgment on the issue of Defendant's Compliance with 28 CFR §36.302(e); however, Defendant believes that Plaintiff's "early" motion would be premature. *See also* the parties' response to paragraph 17.

13.     Estimated length of trial, and any suggestions for shortening the trial.

Approximately three days.

14.     Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute.

Plaintiff has requested a jury trial. The request for a jury trial is not contested.

15.     The prospects for settlement, including any request to have a settlement conference before another United States District Judge or a Magistrate Judge, or any other request of the Court for assistance in settlement efforts.

---

[4] Evidentiary motions made under *Daubert b. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).

16

Prospects for settlement are currently being explored by the parties. Plaintiff believes that settlement must be conducted soon to avoid the increase in fees, costs and expenses.

16. Whether any unusual, difficult, or complex problems or issues exist that require this case to be placed on the complex track for case management purposes (*see* LRCiv 16.2).

No.

17. Any other matters that counsel believe will aid the Court in resolving this case in a just, speedy, and inexpensive manner. However, the parties may not opt out of compliance with the provisions of General Order 17-08.

**Plaintiff:** Plaintiff seeks to file an early Motion for Partial Summary Judgment on the issue of Defendant's Compliance with 28 CFR §36.302(e). Plaintiff believes that a resolution of the primary issue in the case, that is, compliance with 302(e) will instrumentally aid in the resolution of the entire case. Plaintiff intends to file a Motion for Partial Summary Judgment on the issue of 28 CFR§36.201(e) as soon as possible. Plaintiff believes that the factual issues relating to 28 CFR§36.201(e) are not (and cannot be) in dispute and that he is entitled to judgment as a matter of law.

**Defendant:** Plaintiff's "early" filing of a motion for partial summary judgment would be premature. Defendant requests that the Court order that no motions for summary judgment be filed for at least four months to give the parties an opportunity to engage in discovery and explore the opportunity for resolution. An "early" motion by Plaintiff would only compel Defendant to file a Rule 56(d) motion to defer a ruling and allow discovery to proceed.

DATED this October 24, 2017.

JACKSON LEWIS P.C.

By: /s/ Monica M. Ryden
    Amy J. Gittler
    Monica M. Ryden
    Attorneys for Defendants

17

STROJNIK P.C.

By: <u>/s/ Peter Strojnik (with permission)</u>
    Peter Strojnik
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
ADA@strojnik.corn
Attorneys for Plaintiff


By: /s/ Amalia Tafoya

4832-1719-7649, v. 3